IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD KEITH                                                    PLAINTIFF
LATHAM

v.                          Civil No. 4:14-CV-04160-SOH-BAB

SOUTHERN HELATH                                                  DEFENDANTS
PARTNERS, ET. AL.

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Richard Keith Latham, pursuant to 42 U.S.C.

§ 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O.

Hickey, United States District Judge, referred this case to the undersigned for the purpose of making

a report and recommendation.

Currently before the Court are Motions to Dismiss filed by Defendant Miller County

Sheriff's Department ("MCSD") (ECF No. 20), and Defendant Southern Health Partners, Inc.

("SHP") (ECF No. 17).

I.      BACKGROUND

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in

the Miller County Correctional Facility.  ECF No. 1.  Plaintiff filed this Complaint on December

4, 2014.  ECF No. 1.  Plaintiff alleges his constitutional rights were violated by denial of medical

care.  Plaintiff sues MCSD in an official capacity.  He sues SHP in both official and individual

capacity.  Plaintiff seeks monetary damages.  ECF No. 1.

Plaintiff filed two Motions to Amend/Correct his Complaint on January 20, 2015 and

February 9, 2015.  ECF Nos. 7, 8.  On March 11, 2015, the Court entered an Order noting Plaintiff

1

had filed these Motions and directing Plaintiff to advise the Court whether he was seeking to add any individuals as Defendants in the case. ECF No. 10.  On April 16, Plaintiff responded by resubmitting the same documents he had filed in January and February. He did not advise the Court if he wished to add any individuals as Defendants. Therefore, no new Defendants were added to the case.  The Court will, however, consider the factual allegations contained in the Supplements in its analysis.

## II.    APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.   DISCUSSION

### A.    Defendant Miller County Sheriff's Department

Defendant MCSD argues it is not a person subject to suit under § 1983.  Defendant further argues Plaintiff has, at most, alleged negligence, which is not actionable under § 1983.

The sheriff's department is a building and not a person or a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989). The jail is a building and not a person or a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).   The great weight of authority is that sheriff's departments are not subject to suit for alleged violations of § 1983.   Accordingly, Defendant MCSD's Motion to Dismiss is appropriate and should be granted.

### B.      Defendant Southern Health Partners, Inc.

Defendant SHP argues Plaintiff has not alleged an official custom or policy sufficient to survive the Motion to Dismiss.

SHP is a private correctional medical services corporation contracted with the ADC to provide those services. Through this contract, SHP is acting under color of state law and is subject to suit under § 1983.   *West v. Atkins*, 487 U.S. 42 (1988);   *Burke v. North Dakota Dept. of*

*Corrections and Rehab.*, 294 F.3d 1043 (8th Cir. 2002); *Montano v. Hedgepeth*, 120 F.3d 844, 849-

50 (8th Cir. 1997). However, "[a] claim of deprivation of a constitutional right cannot be based on

a *respondeat superior* theory of liability. *Monell v. Department of Social Services,* 436 U.S. 654, 694

(1978); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (stating Monell's holding

is "equally applicable to the liability of private corporations" as to municipal corporations).

> In a § 1983 action, a prisoner cannot hold a corporation vicariously liable for the
> wrongful actions of its employees. *See Burke v. North Dakota Dept. of Corrs. &
> Rehab.*, 294 F.3d 1043, 1044 (8th Cir.2002). Rather, under § 1983, a corporation,
> acting under color of state law, can be held liable only for its unconstitutional
> policies, practices, or customs. *Id.* Thus, Defendant [Correctional Medical Services]
> can be held liable only if there was a policy, custom, or official action that inflicted
> an actionable injury on Plaintiff. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th
> Cir.2006); *see also Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975, 976 (8th
> Cir.1993).

*Caldwell v. Corr. Med. Services*, 2010 WL 4959859, at *4 (E.D. Ark. Nov. 12, 2010); *see also*

*Burke*, 294 F.3d at 1044, *Crabb v. Southern Health Partners*, 2015 WL 1578936, at *2-4 (E.D. Ark.

April 9, 2015).

A custom conflicting with a written policy can support an official capacity claim. *Johnson*

*v. Douglas County Med. Dept.*, 725 F.3d 825, 829 (8th Cir. 2013) However, to establish the

existence of such a custom, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional
> misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the
> governmental entity's policymaking officials after notice to the officials of that
> misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom,
> i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 828.   Under this standard, "multiple incidents involving a single plaintiff could establish a

4

custom if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Id.*

In this case, Plaintiff alleges it took over forty days and multiple sick calls to receive antibiotics for abscesses in his mouth, "greenish yellow" penile discharge, and bloody urine. He alleges this took place from around mid-October until late November. He also alleges he was denied pain medication on multiple occasions. He also alleges he put in four sick calls about the psoriasis on his face and "can't get an answer from the nurse." He alleges he developed stomach pain after taking the antibiotics prescribed and had pain from his teeth. He complains he was given multiple rounds of antibiotics that were not addressing his issues. He alleges "I have been waking up in pain between my teeth and my stomach every night for the last month or maybe longer." ECF No. 1, p. 10. In the portion of the Complaint which provides dates, Plaintiff states he first started noticing blood in his urine on November 17, 2014. He wrote a sick call on November 17, 18, 19, and 20, 2014. He states on November 22, "they wouldn't even give me ibuprofen." He states he was given ibuprofen on November 23, 24, and 25, 2014. ECF No. 1, p. 11.

In his first Supplement, he alleges pain medication was delayed until 7:00 pm after he had three teeth pulled at about 9:00 a.m. on December 18, 2014, despite an instruction sheet clearly stating he was to start taking pain medication before the numbing medication wore off. ECF No. 12. He states he received ibuprofen for pain and hydrocortisone for his psoriasis on December 19 and 20, 2014. He states he put in a sick call on December 22, 2104 for his teeth and his side hurting, and received "2 pills in morning, 1 [in] afternoon." He states he was taken off medication on December 24, 2014, put in a sick call on December 25, 2014, and was placed back on ibuprofen on December

5

25, 2014.  ECF No. 12, p. 2.

His second  Supplement is dated February 3, 2015.  ECF No. 13.  Plaintiff saw Dr. Burgess, a dentist, on January 22, 2015.  Dr. Burgess x-rayed his mouth and told him he needed to have all of his teeth removed. Dr. Burgess was  about to commence on the removal when Plaintiff told him "he had already signed with ADC." Dr. Burgess told him he would show the x-ray to Warden Brazell and see if he could be transported to the ADC in the next couple of days. In the meantime, Dr. Burgess prescribed an antibiotic.  Plaintiff alleges he never got the antibiotic and was still not transported to the ADC as of February 3, 2015.  ECF No. 13.

Based on the allegations of Plaintiff's Complaint and Supplements, it does not appear that Plaintiff was actually denied medical care. Rather, he complains of delays in medical care and failure to follow the directions of a dentist on two occasions.

Failure to follow the directions of a free world physician is not a constitutional violation under § 1983. *Dulany v. Carnahan,* 132 F.3d 1234, 1240 (8th Cir. 1997)(a prison doctor  is not required to follow the recommendations of outside consultants, but instead "remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment").

A delay in medical care may be a constitutional violation only when the Plaintiff alleges and provides verifying medical evidence of the detrimental effect of the delay. " *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976).  The "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009).  The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record.

6

*Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005). Unless, however, the need for medical attention is obvious to a layperson in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub v. VonWald,* 638 F.3d 905, 919 (8th Cir. 2011) (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

In this case, Plaintiff has not alleged he suffered any lasting detrimental effects from any alleged delay in medical care. Plaintiff's own allegations show he was regularly receiving ibuprofen and antibiotics. While it would have been preferable for him to receive pain medication for his tooth extraction sooner, neither the several hours delay nor the failure to exactly follow the dentist's orders can support a claim for a violation of Plaintiff's Eighth Amendment rights.

## IV.   CONCLUSION

Accordingly, I recommend Defendant Miller County Sheriff Department's Motion to Dismiss (ECF No. 20) and Southern Health Partner's Motion to Dismiss (ECF No. 17) be **GRANTED** and Plaintiff's Complaint against them be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of February 2016.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

7